```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
BENEDETTO UMBRA, JOSEPH A. FERRARA, SR.,
FRANK H. FINKEL, MARC HERBST, DENISE
RICHARDSON, and THOMAS F. CORBETT,
as Trustees and Fiduciaries of the Local      MEMORANDUM & ORDER
282 Welfare Trust Fund, the Local 282         14-CV-4024 (JS)(ARL)
Pension Trust Fund, the Local 282
Annuity Trust Fund, the Local 282
Job Training Trust Fund, and the Local
282 Vacation and Sick Leave Trust Fund,

                         Plaintiffs,

         -against-

LT ASSOCIATES, INC.,

                         Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:      James Robert Grisi, Esq.
                     Jonathan Michael Bardavid, Esq.
                     Jael Dumornay, Esq.
                     Trivella & Forte LLP
                     1311 Mamaroneck Avenue, Suite 170
                     White Plains, NY 10605

For Defendant:       No appearance
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Arlene R. Lindsay's Report and Recommendation dated August 10, 2016 ("R&R"), recommending that this Court deny Plaintiffs' motion for default judgment with leave to renew. For the following reasons, the Court ADOPTS Judge Lindsay's R&R in its entirety.

BACKGROUND

Plaintiffs, trustees and fiduciaries of employee benefit plans and/or multiemployer benefits plans (the "Funds"), commenced this action against defendant LT Associates, Inc. ("LT Associates") pursuant to the Employee Retirement Income Security Act and the Labor Management Relations Act.  (See generally Compl. ¶¶ 3-4, 77-86.)  The Complaint alleges that the Funds are maintained under Restated Agreements and Declarations of Trust in order to (1) collect contributions from employers bound by collective bargaining agreements with the Building Material Teamsters Local 282, International Brotherhood of Teamsters (the "Union"), and (2) provide benefits to eligible participants.  (Compl. ¶ 6.)  The Complaint alleges that LT Associates has been a party to various collective bargaining agreements with the Union as well as a participation agreement (collectively, the "CBAs"), but has failed to timely remit contributions and satisfy audited deficiencies.  (See generally Compl. ¶¶ 12-22, 27-75.)

On November 20, 2015, Plaintiffs moved for the entry of a default judgment against LT Associates, seeking $18,429,864.62 in damages.  (Docket Entry 14.)  On January 16, 2016, the undersigned referred Plaintiffs' motion to Judge Lindsay for an R&R on whether the motion should be granted.  (Docket Entry 22.)

On August 10, 2016, Judge Lindsay issued her R&R by Electronic Order.  The R&R recommends that the Court deny

2

Plaintiffs' motion with leave to renew. The R&R further recommends that the Court direct Plaintiffs to provide a summary chart/table detailing a list of relevant contracts, the collective bargaining agreements that cover each contract, and the "time period for which damages are being sought." Additionally, the R&R recommends that "for each contract, [P]laintiffs provide the basis for the damages requested[,] . . . interest calculations including the interest rate being applied[,] and liquidated damages."

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

3

CONCLUSION

Judge Lindsay's R&R is ADOPTED in its entirety and Plaintiffs' motion (Docket Entry 14) is DENIED WITHOUT PREJUDICE and with leave to renew. Plaintiffs are granted leave to file a motion for default judgment that conforms to the Court's directives within ninety (90) days of the date of this Memorandum and Order.

Plaintiffs are directed to serve a copy of this Memorandum & Order on Defendant and file proof of service on ECF.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September  21 , 2016
         Central Islip, New York

4